NOT DESIGNATED FOR PUBLICATION

No. 118,932

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

NATHANIEL TURNER III,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed January 25, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Sherri Price*, legal counsel and special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

PER CURIAM:  Nathaniel Turner III appeals the district court's dismissal of his K.S.A. 2017 Supp. 60-1501 petition, arguing that the sentencing court's aggregation of his 3 consecutive sentences deprived him of 10 years' presumed earned good time credit towards his conditional release date in one of his sentences. We disagree with Turner's contention because he lost no presumed earned good time credits due to the fact that his controlling aggregated sentence is life in prison. Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 1992, Turner was sentenced to serve consecutive sentences in cases 92 CR 11, 92 CR 16, and 92 CR 90. In case 92 CR 11, the district court sentenced Turner to 2 concurrent terms of 5-20 years for a robbery and aggravated burglary committed in December 1991. In case 92 CR 16, the district court sentenced him to serve 4 consecutive sentences of 15 years to life for a rape, aggravated sodomy, and two aggravated robberies committed in January 1992. In case 92 CR 90, the district court ordered him to serve concurrent sentences of 15 years to life for an aggravated robbery and 5-20 years for a robbery committed in December 1991.

In July 2016, Turner filed a K.S.A. 60-1501 petition, arguing that the Kansas Department of Corrections (KDOC) deprived him of 10 years' presumed earned good time credit in calculating his conditional release date for his sentence in 92 CR 11. Following the State's motion to dismiss and after issuing a writ and appointing Turner counsel, the district court dismissed the petition. Turner timely moved the district court to reconsider, but that motion was denied.

Turner timely appeals.

Notably, Turner previously argued, and a previous panel of this court held, that KDOC correctly calculated his parole eligibility date for the above cases in *Turner v. McKune*, No. 108,428, 2013 WL 2936140, at *2-4 (Kan. App. 2013) (unpublished opinion). Turner now argues before us that the district court erred in dismissing his K.S.A. 60-1501 petition and we should remand for further proceedings.

A court may summarily dismiss a K.S.A. 60-1501 petition based on undisputed facts when it appears as a matter of law that no constitutional violation has occurred. See *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009). "To avoid summary

dismissal of a K.S.A. 60-1501 petition, the petitioner's allegations must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." 289 Kan. at 648 (citing *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412, *cert. denied* 525 U.S. 1060 [1998]). In addition,

> "[a] determination of whether a due process claim is stated requires a two-step analysis. First, a court must analyze whether the State has deprived the petitioner of life, liberty, or property. If so, the court next determines the extent and the nature of the process due. The question of whether an individual's constitutional rights have been violated is a question of law over which an appellate court exercises unlimited review. [Citations omitted.]" 289 Kan. at 649.

*Did Turner suffer a due process violation*?

Turner argues he suffered a deprivation of due process from the alleged loss of 10 years' presumed earned good time credits towards his conditional release date in case 92 CR 11. "The calculation of release dates is the responsibility of the [KDOC]." *McKinney v. State*, 27 Kan. App. 2d 803, 803, 9 P.3d 600 (2000).

Generally, "the fundamental rule [of sentencing] is that a person convicted of a crime is given the sentence in effect when the crime was committed." *State v. Fierro*, 257 Kan. 639, 649, 895 P.2d 186 (1995). Therefore, we apply the statutes and regulations in effect at the times Turner committed his crimes: December 1991 and January 1992.

"[T]he interpretation of statutes and administrative regulations presents questions of law subject to de novo review." *Central Kansas Medical Center v. Hatesohl*, 308 Kan. 992, 1002, 425 P.3d 1253 (2018). K.S.A. 1991 Supp. 21-4608(6) stated the sentencing rules for "calculating the time to be served on concurrent and consecutive sentences." K.S.A. 1991 Supp. 21-4608(6)(c) states:

3

"When indeterminate terms imposed on the same date are to be served consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms and the maximum terms are added to arrive at an aggregate maximum equal to the sum of all maximum terms."

K.S.A. 1991 Supp. 22-3718 states that

"[a]n inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, shall, upon release, be subject to such written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged."

According to KDOC regulations, a conditional release date is "the maximum sentence ending date minus total authorized good time credits not forfeited." K.A.R. 44-6-101(m) (1992). K.A.R. 44-6-141 (1992) states:

"(a) Latest conditional release sentence controls. *The sentence with the longest period of incarceration shall be designated as the sentence controlling the maximum date*. The maximum term of the sentence controlling the conditional release date shall be added to the sentence begins date to establish the controlling maximum date.
. . . .
"(c) Consecutives. Inmates admitted with consecutive sentences shall have the maximum terms of those sentences added together to determine the controlling maximum sentence. . . .
"(d) Concurrent—consecutive composites. When an inmate is admitted with a composite sentence that includes both concurrent and consecutive sentences, the conditional release date for the consecutive sentence maximum term, as determined in subsection (c), shall be compared to the conditional release date of any remaining concurrent sentences. *The length of the sentence or sentences requiring the longest period of incarceration to reach conditional release shall be designated as the term controlling the maximum date*. The length of this term shall be added to the sentence begins date to determine the controlling maximum date." (Emphases added.)

4

Moreover, K.A.R. 44-6-142 (1992) states:

> "The net maximum term and conditional release date referred to in K.S.A. 21-4608(3)(b) shall be based on computations from the same sentence. When computing the conditional release date, it shall be presumed 100% of the available good time credits has been earned, and the good time credits shall be applied on a projected basis. *The conditional release date shall be based on the controlling maximum sentence. No conditional release date shall be computed for a maximum sentence of life.*" (Emphasis added.)

In addition to defining how to calculate an inmate's conditional release date, the KDOC regulations include sentencing definitions. A "'[c]ontrolling sentence' means that sentence made up of the controlling minimum term and the controlling maximum term of any sentence or composite sentence." K.A.R. 44-6-101(p) (1992). A "'[c]omposite sentence' means any sentence formed by the combination of two or more sentences." K.A.R. 44-6-101(l) (1992). K.A.R. 44-6-101(n) (1992) defines a consecutive sentence as "a series of two or more sentences imposed by the court in which the minimum terms and the maximum terms, respectively, are to be aggregated." K.A.R. 44-6-101(j) (1992) provides: "The term 'aggregated' shall be applied only to consecutive sentences" and an inmate's aggregated controlling sentence has "a minimum term consisting of the sum of the minimum terms and a maximum term consisting of the sum of the maximum terms."

A panel of this court in *Wallace v. Roberts*, No. 90,309, 2003 WL 22283168 (Kan. App. 2003) (unpublished opinion), addressed an issue similar to Turner's claim. In 1991, Wallace was convicted of theft and sentenced to two consecutive terms of one to three years' imprisonment. In 1991, he was convicted of murder and aggravated robbery and sentenced to 25 years to life. Wallace's sentences were aggregated to a total controlling term of 27 years to life. Years later, Wallace filed a K.S.A. 60-1501 petition, arguing the KDOC committed an ex post facto violation by withholding earned good time credits under a later amendment to the KDOC regulations for calculating his parole eligibility

5

and conditional release dates. The panel held that the KDOC committed no ex post facto violation when calculating his conditional release date:

> "*Wallace's sentence is 27 years to life, and under Kansas law, in effect at the time of his sentence, no conditional release date is to be computed for a maximum sentence of life imprisonment*. See K.A.R. 44-6-142 (1992). However, Wallace may still have a protected liberty interest in having his good time credits computed by the method which existed at the time he was convicted which would determine his projected parole eligibility date." (Emphasis added.) 2003 WL 22283168, at *3.

Similarly, Turner has no conditional release date for the consecutive sentences imposed on the same date, September 21, 1992. Turner was convicted in the three cases for crimes committed in December 1991 and January 1992. The district court ordered Turner to serve his 2 concurrent 5-20 year sentences in 92 CR 11 and 5 indeterminate sentences with maximum terms of life in 92 CR 16 and 92 CR 90. Also in 92 CR 11, the district court ordered Turner to serve that sentence consecutive to his sentences in 92 CR 16 and 92 CR 90 and, likewise, the district court ordered him to serve the sentences in 92 CR 16 and 92 CR 90 consecutive to his sentences in 92 CR 11. The sentences in 92 CR 16 and 92 CR 90 were aggregated with the 92 CR 11 sentences to a total controlling maximum term of life. See K.A.R. 44-6-141(a), (c), (d) (1992). Thus, Turner's aggregated controlling sentence for the 3 sentences is 80 years to life. *Turner*, 2013 WL 2936140, at *1. Under K.A.R. 44-6-142 (1992), Turner has no conditional release date. See *Milton v. Conover*, No. 95,481, 2006 WL 3231402, at *1-2 (Kan. App. 2006) (unpublished opinion) (no conditional release date where aggregated controlling sentence was 18 years to life); see also *Brownfield v. Feleciano*, No. 102,259, 2010 WL 174073, at *2-3 (Kan. App. 2010) (unpublished opinion) (following *Milton*).

To the extent Turner may be arguing that he has served his maximum sentence in 92 CR 11 and should receive a conditional release date, the prior panel of this court rejected such an argument, holding Turner's completion of his first sentence did not

entitle him to a recalculation of his parole eligibility date, conditional release date, and sentence term. 2013 WL 2936140, at *3-4 (citing *Anderson v. Bruce*, 274 Kan. 37, 48-50, 50 P.3d 1 [2002], and other decisions following *Anderson*). Accordingly, because Turner has no conditional release date and has lost no presumed earned good time credits, the district court properly dismissed his petition because he has suffered no due process violation.

Finally, we note that Turner complains that the district court's findings of fact and conclusions of law were inadequate. Supreme Court Rule 165(a) (2019 Kan. S. Ct. R. 221) imposes upon the district court the duty to provide adequate findings of fact and conclusions of law on the record to explain the court's decision on contested matters. However, a party must object to inadequate findings and conclusions to preserve an issue for appeal. See *McIntyre v. State*, 305 Kan. 616, 618, 385 P.3d 930 (2016). Where there is no objection, we presume the district court found all facts necessary to support its judgment. *State v. Dern*, 303 Kan. 384, 394, 362 P.3d 566 (2015).

Here, Turner claims he objected to the adequacy of the district court's findings through a motion to reconsider. However, our review of his motion before the district court shows that he was challenging the correctness of the district court's findings, not the adequacy of such findings. Accordingly, we question whether this issue has been sufficiently preserved. But even if we interpret Turner's motion to reconsider as one challenging the adequacy of the district court's findings, our review of the record, and specifically the district court's written memorandum opinion, reveals no inadequacy. As our analysis above suggests, the record contains sufficient findings to allow for meaningful appellate review.

Affirmed.